IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

PHILIP W. WELLMAN,        )
                                    )
       Plaintiff,         )
                                    )
v.                              )     NO. 2:20-cv-00813-MHT-SRW
                                    )
CENTERS FOR DISEASE CONTROL  )
AND PREVENTION et al.,       )
                                    )
       Defendants.      )

## REPORT AND RECOMMENDATION[1]

### I.   Introduction

Before the court are Defendants' motion to dismiss (Doc. 39), Plaintiff's amended complaint (Doc. 24) and Plaintiff's response (Doc. 43).[2] Defendants contend that Plaintiff's claims for damages against the federal government are barred by sovereign immunity and that his

---

[1] By order entered October 14, 2020, the district judge referred this case to the undersigned for consideration and disposition or recommendation on all pretrial matters. *See* Doc. 5.

[2] Also before the court is Plaintiff's motion for summary judgment (Doc. 21), which was filed prior to his filing of his amended complaint. *See* Docs. 21 and 24. Plaintiff's arguments in this motion relate to his original complaint. "An amended pleading supersedes the former pleading; 'the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'" *Dresdner Bank AG, v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation omitted). Thus, the amended complaint renders moot Plaintiff's motion for summary judgment based upon his claims in the original complaint which has been superseded and is no longer operative. *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint."); *Bujduveanu v. Dismas Charities, Inc.*, No. 11-20120-CIV, 2012 WL 13129841, at *4 (S.D. Fla. Sept. 28, 2012) ("Simply put, various allegations and claims made in the Plaintiff's Second Amended Complaint that were not made in the Plaintiff's First Amended Complaint have not been adequately addressed in the Plaintiff's Motion for Summary Judgment. Thus, denying the Plaintiff's Motion for Summary Judgment without prejudice as being moot is appropriate."). Accordingly, Plaintiff's motion for summary judgment is due to be denied without prejudice as moot.

amended complaint also fails to state claims upon which relief may be granted. (Doc. 40, at 3).

For the reasons set forth below, the court concludes that Defendants' motion is due to be granted and that Plaintiff's claims are due to be dismissed without prejudice.

## II.   <u>Background</u>

On October 8, 2020, *pro se* Plaintiff Philip W. Wellman filed this action against Defendants "Centers for Disease Control and Prevention," "The Department of Health & Human Services," and "National Institute of Health (NIH)," alleging the following claims: "Your declaration of a State of Emergency for the COVID-19 diagnosis criteria for a series of pneumonia and influenza related symptoms and the allegations of the existence of a 'novel coronavirus' is based on a series of assumptions that are patently false." (Doc. 1 at 2, 4). Defendants filed a motion to dismiss, contending, among other things, that Plaintiff's complaint was a shotgun complaint. (Doc. 18, at 4). Finding that the complaint was a shotgun complaint, the court denied Defendants' motion to dismiss without prejudice, and ordered Plaintiff to file an amended complaint that complied with Rules 8, 9, 10, and 11 of the Federal Rules of Civil Procedure alleging specific facts and causes of action. (Doc. 23, at 10).

On October 4, 2021, Plaintiff filed his amended complaint against the following enumerated Defendants: (1) The Department of Health & Human Services ("HHS"); (2) Alex Azar, Secretary of HHS; (3) Centers for Disease Control and Prevention ("CDC"); (4) Robert R. Redfield, Director of the CDC; (5) National Institute of Health ("NIH"); (6) Anthony S. Fauci, Director of the National Institute of Allergy and Infectious Diseases ("NIAID"); (7) the United States Department of Justice ("DOJ"); and (8) William P. Barr, Attorney General. (Doc. 24, at 1-3). Plaintiff alleges violations of his constitutional rights under the First, Eighth, Ninth, Tenth, and Eleventh Amendments. *Id*. at 1, 3-5. Additionally, Plaintiff cites the "Alabama Constitution" and Ala. Code §§ 6-5-100 - 104. *Id*. at 4. Plaintiff alleges that Defendants' "declaration of a State of

Emergency for the COVID-l9 virus had no diagnostic or testing criteria" and were "NOT ACCURATE enough to qualify as scientific proof." *Id*. at ¶ 21. In count one of the amended complaint, entitled "Negligence," Plaintiff alleges that "Defendants (1-6)" were negligent and breached a duty of care by failing "to deliver via [the] media correct information about the COVID-19 virus," and that Plaintiff "incurred injury from not being treated properly by medical professionals." *Id*. at ¶ 22. In count two, entitled, "False Imprisonment," Plaintiff alleges that "Defendants (1-6) prior to January 2020 willfully started the false and misleading information about COVID-19 virus and that all states would or should require quarantine (false imprisonment) to flatten the curve of COVID-19 spread," leading Alabama to issue a "stay at home order," which "was imposed on Plaintiff without [his] consent and without authority of law." *Id*. at ¶ 23. Count three alleges a claim for "Intentional Infliction of Emotional Distress." *Id*. at ¶ 24. Plaintiff generally alleges that "Defendants (1-6)" released false and misleading information in or around December 2019 to the media about how COVID-19 spread and said that "no treatments were available, when in fact there were treatments." *Id*. at ¶¶ 24, 25-30. Lastly, count four alleges a claim for "Fraud." *Id*. at ¶ 31. Plaintiff alleges that "Defendants (1-6) as of December 2019 knew [that] other and cheaper therapies existed," but presented false facts to the Food and Drug Administration ("FDA") "about the treatments and protocols available to the public" and "report[ed] far more cases for Covid-19 and Covid-19 related deaths th[a]n there really were." *Id*. at ¶¶ 31, 37.

In a paragraph entitled "Conclusion," Plaintiff alleges that on or around November 2020 he tested positive for COVID-19, but that his doctor would not see him, and that "[t]he fact that other treatments exist[ed] such as early diagnosis and the proper treatment of cheaper well establish[ed] medications would have alleviate[d] the symptoms and cured [him] without a lengthy and costly hospital stay" at Baptist East Medical Hospital. *Id*. at ¶ 38. In his prayer for relief,

Plaintiff asks for an order directing Defendants to cease and desist violating his constitutional rights and a "judgment in the amount of 1000 ounces of 99.9% pure physical gold per each Defendant." *Id.* at 11.

## III.   Legal Standards

### A.   Dismissal for Lack of Subject Matter Jurisdiction

Federal courts are "courts of limited jurisdiction" possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges a court's constitutional or statutory power to hear the case before it. Fed. R. Civ. P. 12(b)(1); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Such a challenge can come in two forms—either a facial attack or a factual attack. *Scarfo v. Ginsberg*, 175 F.3d 957, 960 (11th Cir. 1999). "Facial attacks challenge subject matter jurisdiction based on the allegations in the complaint, and the district court takes the allegations as true in deciding whether to grant the motion." *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003). Factual attacks, on the other hand, "challenge subject matter jurisdiction in fact, irrespective of the pleadings. In resolving a factual attack, the district court may consider extrinsic evidence such as testimony and affidavits." *Id.* (citations omitted). "In other words, when a party raises a factual attack to subject-matter jurisdiction, the court is not obligated to take the allegations in the complaint as true, but may consider extrinsic evidence such as affidavits." *Walton v. Sec'y Veterans Admin.*, 187 F. Supp. 3d 1317, 1324 (N.D. Ala. 2016) (citing *Odyssey Marine Exploration, Inc. v. Unidentified Shipwrecked Vessel*, 657 F.3d 1159, 1169 (11th Cir.2011)); *Butts v. ALN Grp., LLC*, 512 F. Supp. 3d 1301, 1305 (S.D. Fla. 2021) ("In a factual attack on subject matter jurisdiction that does not implicate the elements of the underlying cause of action, 'no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial

4

court from evaluating for itself the merits of jurisdictional claims.'") (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). "The burden of proof on a motion to dismiss for lack of subject-matter jurisdiction is on the party asserting jurisdiction (*i.e.*, Plaintiff)." *Id.*; *Brewer v. Comm'r*, 430 F. Supp. 2d 1254, 1258 (S.D. Ala. 2006) ("Although defendant is the moving party, plaintiff is the party seeking to invoke the court's jurisdiction. As such, plaintiff bears the burden of establishing subject matter jurisdiction.").

### B.   Dismissal for Failure to State a Claim

To survive a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the plaintiff must allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp., v. Twombly,* 550 U.S. 544, 570 (2007). The standard for a motion to dismiss under Rule 12(b)(6) was explained in *Twombly,* and refined in *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.

*Iqbal,* 556 U.S. at 678-79 (citations and internal edits omitted).

The *Twombly-Iqbal* two-step analysis begins "by identifying the allegations in the complaint that are not entitled to the assumption of truth" because they are conclusory. *Id.* at 680; *Mamani v. Berzain,* 654 F. 3d 1148, 1153 (11th Cir. 2011) ("Following the Supreme Court's approach in *Iqbal,* we begin by identifying conclusory allegations in the Complaint."). After

conclusory statements are set aside, the *Twombly-Iqbal* analysis requires the Court to assume the veracity of well-pleaded factual allegations, and then to determine whether they "possess enough heft to set forth 'a plausible entitlement to relief.'" *Mack v. City of High Springs,* 486 F. App'x 3, 6 (11th Cir. 2012) (citation omitted.)  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face' … that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citations omitted). Establishing facial plausibility, however, requires more than stating facts that establish mere possibility.  *Mamani,* 654 F. 3d at 1156 ("The possibility that – *if* even a possibility has been alleged effectively – these defendants acted unlawfully is not enough for a plausible claim.") (emphasis in original). Plaintiffs are required to "allege more by way of factual content to nudge [their] claim[s] … across the line from conceivable to plausible."  *Iqbal,* 556 U.S. at 683 (internal editing and citation omitted.).

In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000); *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (A "court may consider a document attached to a motion to dismiss . . . if the attached document is (1) central to the plaintiff's claim and (2) undisputed. In this context, 'undisputed' means that the authenticity of the document is not challenged. . . . [A] document need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, we may consider such a document provided it meets the centrality requirement[.]") (citation omitted). In considering a motion to dismiss, this court accepts all of the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Moreover, the court "presume[s] that general allegations embrace

those specific facts that are necessary to support the claim." *Nat'l Org. for Women v. Scheidler*, 510 U.S. 249, 256 (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). The court need not, however, accept legal conclusions couched in the form of factual allegations. *See Diverse Power, Inc. v. City of LaGrange, Georgia*, 934 F.3d 1270, 1273 (11th Cir. 2019) (citing *Twombly*, 550 U.S. at 555).

While *pro se* complaints are liberally construed and are held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "that does not give 'a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Woodroffe v. Fla. Dep't of Fin. Servs.*, 774 F. App'x 553, 554 (11th Cir. 2019) (citation omitted).

## IV.   <u>Discussion</u>

In his amended complaint, Plaintiff asserts claims under the First, the Eighth, the Ninth, the Tenth, and the Eleventh Amendments and seeks a "judgment in the amount of 1000 ounces of 99.9% pure physical Gold per each Defendant." (Doc. 24, at 1, 3-4, 11). Defendants argue that Plaintiff's federal constitutional claims, tort law claims, and state constitutional and code claims are all barred by sovereign immunity. (Doc. 40, at 4-5, 8).

### A.   **Sovereign Immunity**

"An action is one against the United States as a sovereign where the judgment sought is to be satisfied from monies of the federal Treasury, or where the judgment interferes with public administration, or where the judgment's effect is to compel or restrain the government's actions." *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1555 (11th Cir. 1985). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 474 (1994); *Williams v. Cheatham*, No. 519CV00494, 2021 WL 2895743, at *4 (M.D. Fla. July 9, 2021) ("Thus, the United States and its agencies can be sued for money damages

only if it waives its sovereign immunity."). "[T]he existence of consent is a prerequisite for jurisdiction." *Asociacion de Empleados del Area Canalera (ASEDAC) v. Panama Canal Comm'n*, 453 F.3d 1309, 1315 (11th Cir. 2006); *Daniel v. United States*, 891 F. Supp. 600, 603 (N.D. Ga. 1995). "If there is no specific waiver of sovereign immunity as to a particular claim filed against the Government, the court lacks subject matter jurisdiction over the suit." *Zelaya v. United States*, 781 F.3d 1315, 1322 (11th Cir. 2015).

"The sovereign immunity of the United States can only be waived if Congress enacts statutes consenting to suit." *Brewer v. Comm'r*, 430 F. Supp. 2d 1254, 1258 (S.D. Ala. 2006). "A waiver of sovereign immunity must be 'unequivocally expressed,' and an expressed waiver will be strictly construed." *Ishler v. Internal Revenue*, 237 F. App'x 394, 397 (11th Cir. 2007) (citing *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992)); *Savage Servs. Corp. v. United States*, No. 21-10745, 2022 WL 368281, at *5 (11th Cir. Feb. 8, 2022). "The jurisdictional allegations in the complaint must include a reference to the statute containing a waiver of the government's immunity from suit." 'A failure to plead the statutory waiver of sovereign immunity results in a failure to invoke the court's subject matter jurisdiction.'" *David v. United States*, No. 8:19-CV-2591, 2020 WL 4734949, at *3 (M.D. Fla. Aug. 14, 2020) (citations omitted); *Williams*, 2021 WL 2895743, at *4 ("A plaintiff must plead a waiver of sovereign immunity for a court to exercise subject matter jurisdiction.").

## B.   Federal Constitutional Claims

"Under federal law, official capacity claims against governmental employees or officials are in fact against the agency." *Alexander v. Drummond*, No. 1:04-CV-0548, 2007 WL 9698147, at *3 (N.D. Ga. July 10, 2007) (citing *Hafer v. Melo*, 502 U.S. 21, 24-25 (1991) and *Kentucky v. Graham*, 473 U.S. 159, 165-55 (1985)); *Vieux v. Fed. Bureau of Prisons*, No. 1:12-CV-00017, 2014 WL 3733022, at *4 (N.D. Ala. July 21, 2014). To the extent that Plaintiff sues Alex Azar,

Robert R. Redfield, Anthony S. Fauci, and William P. Barr in their official capacities, that portion of Plaintiff's action is really against the United States. *Daniel*, 891 F. Supp. at 603. Thus, "a suit against a federal employee in their official capacity requires a waiver of the United States' sovereign immunity." *Williams*, 2021 WL 2895743, at *2; *Ishler*, 237 F. App'x at 397 ("[T]he protection of sovereign immunity also generally extends to the employees of those agencies sued in their official capacities.").

"The United States has not waived its sovereign immunity from suit for money damages arising from constitutional violations." *Johnson v. United States*, No. 2:18-CV-137, 2020 WL 5033576, at *2 (S.D. Ga. June 5, 2020), *report and recommendation adopted*, No. 2:18-CV-137, 2020 WL 5028226 (S.D. Ga. Aug. 25, 2020) (citing *United States v. Timmons*, 672 F.2d 1373, 1380 (11th Cir. 1982)); *David*, 2020 WL 4734949, at *4; *Weeks v. Hous. Auth. of Opp, Ala.*, 887 F. Supp. 2d 1232, 1236 (M.D. Ala. 2012); *Madaio v. Roden*, No. CV-06-BE-0904-S, 2007 WL 9697592, at *2 (N.D. Ala. May 9, 2007). Plaintiff, therefore, cannot sue Defendants—federal agencies and federal officers in their official capacities—for money damages for alleged constitutional violations. Thus, Plaintiff's claims for money damages against these Defendants are barred by sovereign immunity, and Plaintiff has failed to prove that immunity has been explicitly waived.

The amended complaint does not specify whether Plaintiff is suing Defendants in their official and/or individual capacities. However, even if Plaintiff's amended complaint were construed to assert constitutional violations against the individual Defendants in their individual capacities under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), such claims would also fail. "*Bivens* has never extended to the First Amendment." *Williams*, 2021 WL 2895743, at *3; *see Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012) ("We have never held that *Bivens* extends to First Amendment claims."); *Johnson v. Burden*, 781 F.

App'x 833, 836 (11th Cir. 2019) ("[T]he Supreme Court has repeatedly confirmed that it has not extended a Bivens remedy to First Amendment claims."). Additionally, "[t]he Eighth Amendment's prohibition on cruel and unusual punishment applies only to individuals convicted of crimes." *Proctor v. UF Health Shands Hosp.*, No. 1:18-CV-209, 2018 WL 8139202, at *2 (N.D. Fla. Nov. 13, 2018) (citing *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1572 (11th Cir. 1985) ("The eighth amendment . . . applies only to confinement that occurs subsequent to and as a consequence of a person's lawful conviction of a crime.")); *Johnson v. Wilcher*, No. CV417-192, 2018 WL 1177937, at *1 (S.D. Ga. Jan. 2, 2018), *report and recommendation adopted*, No. CV417-192, 2018 WL 1178056 (S.D. Ga. Mar. 6, 2018) ("The Eighth Amendment governs the conditions under which convicted prisoners are confined and the treatment they receive while in prison."). Thus, because Plaintiff does not allege that he was convicted at the time that Defendants allegedly violated the Eighth Amendment, Plaintiff fails to assert a plausible Eighth Amendment claim. *Williams v. Cmty. Health Nw. Fla.*, No. 3:19CV75, 2019 WL 938406, at *1 (N.D. Fla. Jan. 25, 2019), *report and recommendation adopted*, No. 3:19CV75-RV-CJK, 2019 WL 937928 (N.D. Fla. Feb. 26, 2019) ("[P]laintiff's Eighth Amendment claim is without arguable merit because the amendment applies only to prisoners."); *Proctor v. UF Health Shands Hosp.*, No. 1:18-CV-209, 2018 WL 8139202, at *2 (N.D. Fla. Nov. 13, 2018) ("Plaintiff was not convicted at the time Defendant allegedly violated his Eighth Amendment rights. Accordingly, the protections of the Eighth Amendment are inapplicable in this case, and Plaintiff fails to state a claim for relief."); *Mladek v. Day*, 293 F. Supp. 2d 1297, 1305 (M.D. Ga. 2003) ("The Court finds that Plaintiffs' Eighth Amendment claims must be dismissed because Mr. Mladek was not convicted of any crime at the time that these acts about which he complains occurred.").

Further, "it is well established that 'the Ninth Amendment standing alone houses no constitutional guarantees of freedom.'" *Jones v. Mnuchin*, 529 F. Supp. 3d 1370, 1376 (S.D. Ga.

2021), *appeal dismissed*, No. 21-10816-JJ, 2021 WL 4166295 (11th Cir. May 13, 2021) (citation

omitted); *see also Ayton v. Owens*, No. CV 313-006, 2013 WL 4077995, at *5 n.5 (S.D. Ga. Aug.

12, 2013) ("[T]he Ninth Amendment is not an independent source of constitutional rights."). Thus,

Plaintiff fails to state a claim under the Ninth Amendment.

As to Plaintiff's Tenth Amendment claim, that amendment states: "The powers not

delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved

to the States respectively, or to the people." U.S. Const. amend. X. "An individual who seeks to

properly bring a challenge under the Tenth Amendment must 'show the requisite injury in fact and

its causal relation to the action in question.'" *Mims v. United States*, No. 2:19-CV-499, 2019 WL

5070187, at *5 (M.D. Ala. Sept. 16, 2019), *report and recommendation adopted*, No. 2:19CV499,

2019 WL 5078576 (M.D. Ala. Oct. 8, 2019) (quoting *Atlanta Gas Light Co. v. U.S. Dep't of

Energy*, 666 F.2d 1359, 1368 n.16 (11th Cir. 1982)).[3] In *Bond v. United States*, 564 U.S. 211

(2011), the Supreme Court held that individuals, "in a proper case," can "challenge a law as

enacted in contravention of constitutional principles of federalism" reflected in the Tenth

Amendment. *Id*. at 223-24*; Louis v. Seaboard Marine Ltd., Inc.*, No. 10-22719-CIV, 2012 WL

13071837, at *23 (S.D. Fla. Jan. 27, 2012), *report and recommendation adopted*, No. 10-22719-

CIV, 2012 WL 13071863 (S.D. Fla. Feb. 27, 2012) ("Thus, pursuant to *Bond*, the Tenth

---

[3] Some courts have raised doubts as to whether individuals have a right of action under the Tenth Amendment. *McDonald v. City of Chicago, Ill.*, 561 U.S. 742, 851 n.20 (2010) (Thomas, J., concurring) ("[C]ertain Bill of Rights provisions prevent federal interference in state affairs and are not readily construed as protecting rights that belong to individuals. The Ninth and Tenth Amendments are obvious examples . . . ."); *Barber v. Alabama*, No. 2:20-CV-00659, 2021 WL 37634, at *5 (N.D. Ala. Jan. 5, 2021) ("The Tenth Amendment is not a source of individual rights. Rather, it reserves certain powers to the states. Because the Tenth Amendment does not protect individual rights, Mr. Barber has not stated a claim for a violation of the amendment."); *Everett v. Cobb Cty., Georgia*, No. 1:17-CV-3392, 2019 WL 3410220, at *3 n.50 (N.D. Ga. July 29, 2019), *aff'd*, 823 F. App'x 888 (11th Cir. 2020) ("[T]he Court is not convinced that the Tenth Amendment is a source of individual rights at all.").

Amendment may provide a vehicle for a citizen to challenge the constitutionality of a federal law.").

> An individual who challenges federal action on these grounds is, of course, subject to the Article III requirements, as well as prudential rules, applicable to all litigants and claims. Individuals have "no standing to complain simply that their Government is violating the law." It is not enough that a litigant "suffers in some indefinite way in common with people generally." If, in connection with the claim being asserted, a litigant who commences suit fails to show actual or imminent harm that is concrete and particular, fairly traceable to the conduct complained of, and likely to be redressed by a favorable decision, the Federal Judiciary cannot hear the claim. These requirements must be satisfied before an individual may assert a constitutional claim; and in some instances, the result may be that a State is the only entity capable of demonstrating the requisite injury.

*Id*. at 225 (internal citations omitted). "Thus, any claim under the Tenth Amendment must flow from an 'injury [that] results from disregard of the federal structure of our Government.'" *Robinson v. Pilgram*, No. 20-CV-2965, 2021 WL 5987016, at *8 (D.D.C. Dec. 17, 2021) (quoting *Bond*, 564 U.S. at 225-26).

Here, Plaintiff has not alleged facts indicating that he has met the standing requirements to bring a Tenth Amendment claim as an individual litigant, as he does not allege that any governmental action taken exceeded the limits of federalism. *Louis*, 2012 WL 13071837, at *23 (in dismissing plaintiff's Tenth Amendment claim, the court noted that, unlike *Bond*, the instant case did not arise in the criminal context which involved a citizen's motion to dismiss a criminal charge, the plaintiff did not raise any issues regarding the illegality of any law, and the plaintiff did not contend that any governmental action taken exceeded the limits of federalism); *Mims*, 2019 WL 5070187, at *5 (dismissing plaintiff's Tenth Amendment claim for lack of jurisdiction where plaintiff did not allege facts suggesting that he met the standing requirements to bring a Tenth Amendment claim as an individual litigant and that he had no standing to complain simply that the government was allegedly violating the law); *Robinson*, 2021 WL 5987016, at *8 (in dismissing plaintiff's Tenth Amendment claim, the court stated, "Nowhere has Plaintiff 'contended that any

governmental action taken exceeds the limits of federalism,' at least with respect to his Tenth Amendment claim.").

Lastly, the "Eleventh Amendment confirms the sovereign status of the States by shielding them from suits by individuals absent their consent." *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004). The Eleventh Amendment is not a source of individual rights. *Dobson v. Stolle*, No. 7:18-CV-00369, 2019 WL 2997849, at *5 (W.D. Va. July 9, 2019), *aff'd*, 794 F. App'x 281 n.3 (4th Cir. 2020) ("The Eleventh Amendment does not provide rights to individuals and Dobson can bring no claim based on the Eleventh Amendment.").

### C.    Tort Claims

Defendants contend that Plaintiff cannot show a waiver of sovereign immunity regarding his tort claims of negligence, false imprisonment, intentional infliction of emotional distress, and fraud that are alleged in counts one through four of the amended complaint. The Federal Tort Claims Act ("FTCA") is the exclusive avenue for plaintiffs to pursue claims against the United States for torts committed by federal employees within the scope of their office or employment. *See Caldwell v. Klinker*, 646 F. App'x 842, 846 (11th Cir. 2016) ("An action against the United States under the FTCA is the exclusive remedy for employment-related torts committed by employees of the federal government."). "The FTCA provides a limited waiver of the United States' sovereign immunity for tort claims." *Dalrymple v. United States*, 460 F.3d 1318, 1324 (11th Cir. 2006). Specifically, the FTCA "gives federal district courts exclusive jurisdiction over claims against the United States for 'injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission' of a federal employee 'acting within the scope of his office or employment.'" *Millbrook v. United States*, 569 U.S. 50, 52 (2013) (quoting 28 U.S.C. § 1346(b)(1)); 28 U.S.C. § 2679(b)(1) ("The remedy against the United States . . . for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or

omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee . . . .”). Further, the FTCA establishes that liability is determined “in accordance with the law of the place where the act or omission occurred.” 28 U.S.C. § 1346(b)(1); *Gomez v. United States*, 601 F. App’x 841, 851 (11th Cir. 2015) (“The FTCA demands that federal courts apply the law of the situs state to determine whether a tort claim has been stated.”).

Although Plaintiff does not cite to the FTCA in his amended complaint, the court construes Plaintiff’s amended complaint to bring claims under the FTCA. However, Plaintiff must comply with the FTCA’s requirement of exhausting his administrative remedies before filing suit in federal court. *Caldwell*, 646 F. App’x at 846 (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993) (“The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.”)). “Even *pro se* litigants must comply with the exhaustion requirement. Unless and until a claimant has exhausted his administrative remedies under the FTCA, the district court lacks subject-matter jurisdiction.” *Id.* (citation omitted). “A plaintiff bringing a claim against the United States under the FTCA must first present the claim to the appropriate federal agency and wait for the agency to finally deny it. An agency’s failure to dispose of a claim within six months is deemed to be a final denial.” *Burchfield v. United States*, 168 F.3d 1252, 1254 (11th Cir. 1999) (citing 28 U.S.C. § 2675(a)). “An appropriate federal agency is the actual federal agency responsible for handling the claim and not the government-funded entity or government employee who committed the alleged tort.” *Motta ex rel. A.M. v. United States*, 717 F.3d 840, 843 (11th Cir. 2013)). “A federal court has no subject matter jurisdiction over a suit against the United States unless the plaintiff has first filed an administrative claim with the concerned agency pursuant to § 2675(a) that contains a ‘claim for money damages in a sum certain.’” *Wills v. Postmaster Gen.*,

300 F. App'x 748, 752 (11th Cir. 2008) (citation omitted).

Here, Plaintiff does not allege in his amended complaint that he filed an administrative claim, nor did he submit any evidence in his response that he did so. Because Plaintiff's tort law claims were subject to the FTCA but he failed to exhaust his administrative remedies before filing suit in federal court, Plaintiff's claims are due to be dismissed for lack of jurisdiction. *Caldwell*, 646 F. App'x at 847; *Pompey v. Coad*, 314 F. App'x 176, 179 (11th Cir. 2008) ("Because Pompey did not allege facts sufficient to show that he exhausted administrative remedies—a jurisdictional prerequisite to his suit under the FTCA—the district court properly dismissed his complaint."). Plaintiff's "*pro se* status does not excuse his failure to satisfy the FTCA's requirements." *Id*.

In addition, "the FTCA authorizes claims only against the United States." *Trupei v. United States*, 304 F. App'x 776, 782 (11th Cir. 2008); s*ee* 28 U.S.C. § 2679(a) ("The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) . . . ."); 28 U.S.C. § 2679(b)(1) (the remedy against the United States for injuries resulting from the acts of government employees acting in the scope of their employment is "exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim"); *Simmons v. Himmelreich*, 578 U.S. 621, 627-28 (2016) ("[A] plaintiff generally cannot sue an employee where the FTCA would allow him to sue the United States instead."); *Galvin v. Occupational Safety and Health Admin.*, 860 F.2d 181, 183 (5th Cir.1988) ("It is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit."). "[A]n FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction." *Galvin*, 860 F.2d at 183. Here, Plaintiff failed to name the United States as the proper Defendant and failed to move to amend his complaint to add the United States as the proper

defendant. Therefore, his amended complaint is due to be dismissed for lack of jurisdiction. *See Carr v. Veterans Administration*, 522 F.2d 1355, 1356 (5th Cir.1975) (affirming dismissal of case because United States was proper party instead of Veterans Administration)[4]; *Polonczyk v. Colvin*, No. CIV.A. 14-0327, 2014 WL 5307879, at *5 (S.D. Ala. Oct. 16, 2014); *Holmes v. Dep't of Veterans Affs.*, No. 3:07-CV-490, 2007 WL 4223221, at *2 (M.D. Ala. Nov. 28, 2007) ("Based on the explicit statutory language, a specific agency cannot be sued under the FTCA and a claim under the FTCA against a federal agency as opposed to the United States must be dismissed for want of jurisdiction."); *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990) ("Failure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction.").

Further, Plaintiff's intentional tort claims are due to be dismissed because they are not cognizable under the FTCA. The FTCA provides a limited waiver of sovereign immunity in some situations with one of the exceptions to waiver relating to intentional torts. *See* 28 U.S.C. § 2680; *Millbrook*, 569 U.S. at 52. This limited waiver of sovereign immunity does not include "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h).[5] "FTCA exemptions, like the one found in § 2680(h), are strictly construed in favor of the United States." *Cadman v. United States*, 541 F. App'x 911, 913 (11th Cir. 2013). "[I]f the

---

[4] *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (holding that decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981, are binding in the Eleventh Circuit).

[5] "[W]hile § 2680(h) carves out an exception to the waiver of sovereign immunity with respect to the commission of certain enumerated intentional torts, the United States may still be liable for those torts when federal 'investigative or law enforcement officers' commit them." *Bonilla v. United States*, 652 F. App'x 885, 889 (11th Cir. 2016) (citations omitted). Section 2680(h) defines an "investigative or law enforcement officer" as "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." 28 U.S.C. § 2680(h). Plaintiff does not allege any claims against "investigative or law enforcement officers."

alleged conduct falls within one of the excluded categories, the court lacks subject matter jurisdiction over the action." *Williams v. United States*, 314 F. App'x 253, 256 (11th Cir. 2009). Moreover, the "intentional torts exception in § 2680(h) is 'not limited to the torts specifically named therein, but rather encompasses situations where the underlying governmental conduct which constitutes an excepted cause of action is essential to the plaintiff's claim.'" *Corbett v. Transportation Sec. Admin.*, 568 F. App'x 690, 699 (11th Cir. 2014) (citation omitted). "So, a claim will be deemed to have arisen from a § 2680 excepted tort if the governmental conduct that is essential to the plaintiff's cause of action is encompassed by that tort. And this is so even if the plaintiff has denominated, as the basis for the cause of action, a tort not found within § 2680(h)'s list of excepted torts." *Zelaya v. United States*, 781 F.3d 1315, 1333 (11th Cir. 2015). Thus, "it is 'the substance of the claim and not the language used in stating it which controls.'" *Id*. at 1334 (citation omitted).

Here, Plaintiff's tort claims for false imprisonment and fraud (misrepresentation) are specifically excluded from the FTCA's waiver and are therefore due to be dismissed. *Standifer v. Best Buy Stores, L.P.*, 364 F. Supp. 3d 1286, 1299-300 (N.D. Ala. 2019) ("'An essential element of any fraud claim is that the plaintiff must have reasonably relied on the alleged misrepresentation.'") (quoting *Waddell & Reed, Inc. v. United Investors Life Ins. Co.*, 875 So.2d 1143, 1160 (Ala. 2003)); *McLaughlin v. Fla. Int'l Univ. Bd. of Trustees*, 533 F. Supp. 3d 1149, 1167 (S.D. Fla. 2021). Further, Plaintiff's emotional distress claim is based on the same underlying governmental conduct as Plaintiff's excepted claim for fraud. *See id*. at 699-700 (finding that because plaintiff's invasion of privacy and emotional distress claims were based on the same underlying conduct as his assault and false arrest claims, they were subject to the intentional torts exception to the sovereign immunity waiver) (citing *O'Ferrell v. United States*, 253 F.3d 1257, 1265 (11th Cir.2001)); *Bonilla v. United States*, 652 F. App'x 885, 890 (11th Cir. 2016) ("Bonilla's

17

negligence and emotional distress claims, though not enumerated in § 2680(h), are still barred because they are derived from the same conduct that forms the basis of the enumerated causes of action.").

### D.    State Constitutional and Code Claims

Lastly, Plaintiff fails to establish a waiver of sovereign immunity for his claims alleging a violation of the Alabama constitution and various provisions of the Alabama code. Plaintiff merely references the Alabama's constitution and various Alabama code provisions in the amended complaint without any elaboration. "The sovereign immunity of the United States can only be waived if Congress enacts statutes consenting to suit." *Brewer*, 430 F. Supp. 2d at 1258; *Goble v. Ward*, 628 F. App'x 692, 698 (11th Cir. 2015) ("[O]nly Congress can waive an agency's sovereign immunity."). Plaintiff "has not pointed to any federal statute establishing that the United States has waived its sovereign immunity for lawsuits based on state constitutions and/or statutes." *Brown v. United States*, No. 508-CV-118, 2009 WL 2044684, at *5 (M.D. Fla. July 10, 2009), *aff'd*, 439 F. App'x 772 (11th Cir. 2011). Accordingly, Plaintiff's claims alleging a violation of the Alabama constitution and provisions of the Alabama code are due to be dismissed.[6]

## V.    Conclusion

For the reasons stated above, the Magistrate Judge RECOMMENDS that Defendants' motion to dismiss (Doc. 39) be GRANTED, that Plaintiff's motion for summary judgment (Doc. 21) be DENIED WITHOUT PREJUDICE as moot, and that this action be DISMISSED WITHOUT PREJUDICE. It is further

---

[6] Given this conclusion, the court need not reach Defendants' alternative arguments that Plaintiff's amended complaint should be dismissed for failure to allege sufficient facts to state a plausible claim.

ORDERED that the parties shall file any objections to the said Recommendation on or before March 8, 2022. Any objections filed must specifically identify the findings in the Magistrate Judge's recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the magistrate judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE, on this the 21st day of February, 2022.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge